FILED
US DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 24 2016

JAMES W. McCORMACK, CLERK
By_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS, HELENA DIVISION

FRANKIE WALTON,

    Plaintiff,

vs.

KROGER LIMITED PARTNERSHIP I,
d/b/a KROGER,

    Defendant.

No. 2:16 Cv 114-KGB
JURY DEMANDED

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

## COMPLAINT FOR PERSONAL INJURY DAMAGES

COMES NOW Frankie Walton and sues Kroger Limited Partnership I, d/b/a Kroger for damages. For her causes of action, Plaintiff would state as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Frankie Walton is an adult resident citizen of Memphis, Shelby County, Tennessee.

2. Kroger Limited Partnership I, d/b/a Kroger ("Kroger") is a foreign Limited Partnership with its principal address at 1014 Vine Street, Cincinnati, Ohio 45202. It is registered to do business in the State of Arkansas. Its registered agent for service of process is The Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

3. The jurisdictional basis for the present suit is 28 U.S.C. § 1332. Diversity of citizenship exists and the amount sued for herein exceeds $75,000.00.

4. The actions giving rise to the injuries sued for herein occurred in this judicial district. Venue is proper pursuant to 28 U.S.C. § 1391.

## II. FACTS

5. On May 8, 2015, Frankie Walton was employed by Advantage Sales and Marketing, Inc. ("Advantage") to perform certain marketing services. These duties included performing services at various stores operated by Kroger throughout the Memphis, Shelby County, Tennessee and West Memphis, Crittenden County, Arkansas areas. As a marketing specialist, Ms. Walton, generally, would receive assignments to participate in marketing efforts at a Kroger store. Her company, Advantage, would mail to the store all marketing materials needed. The employees at the store would receive these marketing materials and place them in a location where they were accessible to the employees of Advantage. Once the marketing packet is mailed to the Kroger store, the Kroger employees store the marketing materials in the stock room. Until these items are retrieved by the employees of Advantage, they are completely under the control of Kroger, and its employees. On the day of the marketing event, Ms. Walton, as other employees of Advantage, would check in with the manager of the Kroger store, as directed, before beginning her marketing duties. These duties would include marketing in store by handing out samples, paperwork and other materials. During the marketing events, the employees of Advantage, although operating with the permission of the manager of Kroger, would not act under the direction and under the control of the store manager, but would rather report to her superiors at Advantage. Ms. Walton would direct her own activities during the marketing event.

6. On May 8, 2015, Ms. Walton received the instruction from Advantage, to participate in a marketing event at Kroger in West Memphis, Crittenden County, Arkansas. She received the assignment and proceeded in the normal fashion. Ms. Walton reported to the Kroger store planning to begin work approximately at 12:30 p.m. Her shift was from 12:30 to

6:00 or 7:00 p.m. It was Friday.

7. Ms. Walton entered the Kroger store and checked in with the manager. Ms. Walton indicated to the manager that she was there at the direction of Advantage to perform a marketing event. Ms. Walton was dressed appropriately in her Advantage work clothes.

8. The manager of the Kroger store was new, having, upon information and belief, worked there approximately one week.

9. The manager acknowledged Ms. Walton and allowed her to proceed with her marketing event. Ms. Walton walked to the stock room where all Advantage materials should have been.

10. Ms. Walton entered the stock room and observed her marketing materials at the back of the room in a box. She looked over the floor and observed that the stock room was completely filled with pallets containing food items. The pallets covered the entire walking surface of the floor which separated the door from where the Advantage marketing materials had been stored. The food items included milk and other items which should have been refrigerated, other non-refrigerated materials and various other items.

11. In the center of the floor was a step ladder as if a Kroger employee had placed it there for use in removing certain items from the pallets. The ladder had no device securing it in place, or any barrier or barricade to keep passerbys from knocking into it. It appeared to Ms. Walton that Kroger employees had been walking through and among the pallets to perform their job function by removing the items from the pallets.

12. All of the pallets, together with all food items contained thereon, were under the control of Kroger and its employees.

13. The marketing materials mailed from Advantage to Kroger were under the control of Kroger and its employees.

14. No aisle way or safe passage way had been left through the pallets.

15. Ms. Walton proceeded to walk across the pallets in order to retrieve the Advantage marketing materials.

16. As she proceeded across the pallets, her foot became entangled between the wooden slats of a pallet, and she fell. As she fell, she made contact with the ladder. The ladder fell over onto her striking her shoulder. She lay on the ground with her foot entangled in the pallet, with the ladder having crashed on top of her.

17. She received personal injuries both to her foot, ankle, knee and leg, as well as to her shoulder as a result of the fall.

18. Kroger, and its employees, had notice of the condition existing in the stock room as they had control over both the Advantage marketing materials and the location of each and every pallet. Kroger employees had been removing items from some of the pallets.

19. Shortly after the fall, Ms. Walton informed Kroger through its employees that she had fallen. The manager took a report of the incident to memorialize what had occurred.

20. Ms. Walton was unable to perform her work for the remainder of her shift and reported to the Minor Emergency Clinic. She came under the care subsequently of Dr. Peter Lindy of the East Memphis Orthopedic Group.

21. As a result of the fall, she received a torn meniscus in her knee and a torn rotator cuff in her shoulder. She has had surgery to repair both conditions.

22. Ms. Walton has been unable to return to work.

## III. CAUSES OF ACTION

23. The actions of the employees of Kroger constitute negligence. At all times relevant to the facts alleged in this case the following regulation was in full force and effect:

> Aisles and passageways (1) where a mechanical handling equipment is used, sufficient safe clearances shall be allowed for aisles, at loading docks, through doorways and wherever turns or passage must be made. Aisles and passageways shall be kept clear and in good repair, with no obstructions across or in aisles that could create a hazard.

OSHA Regulation 29 CFR § 1910.22.

24. This regulation is intended to protect the class of persons including the Plaintiff from encountering dangers in the workplace. The actions of the employees of Kroger violated this regulation. Had this regulation been complied with, the injuries suffered by the Plaintiff in this case would have been avoided.

25. The actions of the employees of Kroger constitute negligence. At all times relevant to the facts alleged in this case the following regulation was in full force and effect:

> Ladders place at any location where they can be displaced by work place activity or traffic, such as in passageways, doorways, or driveways, shall be secured to prevent accidental displacement, or a barricade shall be used to keep the activity or traffic away from the ladder.

OSHA Regulation 29 CFR § 1926.1053(b)(8).

26. This regulation is intended to protect the class of persons including the Plaintiff from encountering dangers in the workplace. The actions of the employees of Kroger violated this regulation. Had this regulation been complied with, the injuries suffered by the Plaintiff in this case, in part, would have been avoided.

27. The actions of the Kroger employees constitute negligence by maintaining a dangerous condition to which the Plaintiff was exposed. The employees of Kroger had notice of the condition and failed to abate the dangerous condition, or otherwise adequately warn the

Plaintiff. Kroger employees were in complete control of the instrumentality presenting the dangerous condition to the Plaintiff. Plaintiff could not have avoided the condition based on the circumstances presented, and still effectively performed her job function.

28. The actions of the Kroger employees constitute negligence. The Kroger employees failed to act as a reasonable person would under the same or similar conditions.

29. Violation of the above regulations, and each count of negligence asserted against Kroger and its employees were the proximate cause and the cause in fact of damages suffered by the Plaintiff.

## IV. DAMAGES

As a result of the fall Plaintiff has suffered the following:

1. Medical expenses;
2. Loss of income;
3. Permanent injury;
4. Loss of future income;
5. Loss of the enjoyment of life, both past and future;
6. Pain and suffering, both past and future; and
7. All other damages available under law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. For summons to issue requiring the Defendant to answer;

2. For a judgment against the Defendant in the amount of $1 million;

3. For a jury to be empaneled to determine the disputed issues of fact;

4. For any further and general relief to which your Petitioner is entitled.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

By: _____
R. Porter Feild (AR Bar #2008113)
130 N. Court Avenue
Memphis, Tennessee 38103
(901) 524-5000 Phone
(901) 524-5024 Facsimile

*Attorneys for Plaintiff*

OF COUNSEL:

Gregory D. Mangrum
Mangrum & Mangrum
1025 Oakhaven Road
Memphis, TN 38119
(901) 763-1060 Phone
(901) 763-0036 Fax